## GLASSMAN v. RUBIN BROS.

(Supreme Court, Appellate Term, First Department. December 17, 1914.)

1. APPEAL AND ERROR (§ 866*)—QUESTIONS PRESENTED FOR REVIEW.

 Where a complaint was dismissed on account of the insufficiency of the evidence, the only question for review was whether the court erred in the exclusion of testimony.

 [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3467–3475; Dec. Dig. § 866.*]

2. CONTRACTS (§ 28*)—ACTIONS FOR BREACH—EVIDENCE—ADMISSIBILITY.

 In an action for breach of an oral contract, where the conversation resulting in the agreement was in itself indefinite and incomprehensible,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

evidence of preceding conversations in the negotiations leading up to the contract was admissible.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 133–140, 1755, 1782–1784, 1785½, 1820, 1821; Dec. Dig. § 28.*]

Appeal from City Court of New York, Trial Term.

Action by Isidore Glassman against Rubin Bros. From a judgment of dismissal, plaintiff appeals. Reversed and remanded.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

Burnstine & Geist, of New York City (Julius Kendler, of New York City, of counsel), for appellant.

Hyman M. Cohen, of New York City, for respondent.

LEHMAN, J. The plaintiff herein sues for the breach of an alleged contract, which, according to the complaint, the defendant made on the 18th day of December, 1912.

[1] At the close of the plaintiff's case the defendants moved to dismiss the complaint, without stating any grounds for the motion. The trial justice thereupon granted the motion, apparently without comment. It does not clearly appear exactly why the motion was granted; but inasmuch as the only testimony which the trial justice admitted as to any conversation held with the president of the defendant corporation is almost incomprehensible, and is totally insufficient to show any such contract as is alleged in the complaint, it is fair to assume that the complaint was dismissed on this ground. The only question which should therefore be considered upon this appeal is whether the trial justice, by erroneous exclusion of evidence, prevented the plaintiff from showing such a contract.

[2] The trial justice upon the defendants' objection excluded all testimony as to conversations prior to December 18th, on the ground that, since the contract pleaded was made on that date, prior conversations were immaterial as too remote. Obviously, however, if the contract was consummated on December 18th as a result of previous conversations, such conversations were entirely material and admissible under these pleadings. The conversation of December 18th shows that some arrangement was made on that day; but, standing alone, that conversation is evidently incomplete and represents no definite agreement. After that conversation was admitted, it seems to me too obvious to require any argument that the previous conversations between the parties were admissible in order to explain and fill out that conversation, and their exclusion constitutes reversible error.

Judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes